UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: CV 10-3931-PA (MAN)             Date: May 28, 2010

Title:    <u>Richard S. Reyes v. John Marshall</u>
==========================================================================
DOCKET ENTRY:   Order to Show Cause Re: Failure to State a Claim; and Untimeliness
==========================================================================

PRESENT:

         Hon. <u>Margaret A. Nagle</u>, United States Magistrate Judge

         <u>Earlene Carson</u>          <u>N/A</u>
         Deputy Clerk            Court Reporter/Tape No.

    ATTORNEYS PRESENT FOR PETITIONER:    ATTORNEYS PRESENT FOR RESPONDENTS:

        <u>N/A</u>                            <u>N/A</u>

**PROCEEDINGS (In Chambers):**

On May 25, 2010, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition"). Although Petitioner utilized the Section 2254 habeas petition form prescribed for use in this District, he failed to set forth any habeas claim within that petition form, as is required. Rather, he has appended to the Petition a six-page attachment in which he argues "why habeas corpus is appropriate" (the "Attachment").

The Attachment to the Petition does not identify specifically what habeas claim or claims Petitioner intends to raise in this case. Petitioner argues that, under California law, he is entitled to habeas relief based on "newly discovered evidence," *to wit*, two single-page declarations by "Bobby Gonzales." In those declarations, Mr. Gonzales states conclusorily and without explanation that: the charges against Petitioner were "fabricated" by his cousin, Sylvia (Gonzales) Reyes; Sonna Gallegos, one of the trial witnesses, "was never present as she claimed"; and Petitioner is innocent. Reading the allegations of the Petition and the Attachment liberally, it appears that Petitioner is raising a single claim that Mr. Gonzales's statements -- the "newly discovered evidence" -- establishes Petitioner's innocence by undermining the prosecution's case at trial.

Having carefully considered the Petition and all attached argument and evidence, it appears to the Court that the Petition should be dismissed, for two reasons:

*First*, the Petition fails to state a cognizable habeas claim. Petitioner's allegations state, at most, that he is innocent of the crime of which he was convicted and he now has "newly discovered evidence" (Mr. Gonzales's statements) to establish such asserted innocence. Petitioner does not allege any independent constitutional violations. Hence, the Petition alleges a freestanding claim of "actual innocence." However, under Supreme Court precedent, it is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 10-3931-PA (MAN)                                                                  Date: May 28, 2010

open question whether a freestanding "actual innocence" claim is cognizable under federal habeas law.  *See* District Attorney's Office v. Osborne, ___ U.S. ___, 129 S. Ct. 2308, 2321 (2009); House v. Bell, 547 U.S. 518, 554-55, 126 S. Ct. 2064, 2087 (2006); Herrera v. Collins, 506 U.S. 390, 113 S. Ct. 853 (1993).

In Herrera, the Supreme Court declared:  "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  506 U.S. at 400, 113 S. Ct. at 860.  The Supreme Court assumed, without deciding, that in a *capital* case, a freestanding actual innocence claim might warrant federal habeas relief, but only upon an "extraordinarily high" and "truly persuasive" threshold showing.  *Id.* at 417, 113 S. Ct. at 869.  Thirteen years later, in House, the Supreme Court expressly declined to resolve the issue left unresolved in Herrera, stating only that the petitioner had not satisfied the "extraordinarily high" burden for a "hypothetical freestanding innocence claim."  547 U.S. at 554-55, 126 S. Ct. at 2087.  Most recently, in Osborne, the Supreme Court declared that the existence of a federal right "to be released upon proof of 'actual innocence'" was "an open question," but once again found it unnecessary to resolve the issue, noting only "the difficult questions such a right would pose and the high standard any claimant would have to meet."  129 S. Ct. at 2321.[1]

Petitioner did not receive a capital sentence and, thus, cannot avail himself of the "hypothetical freestanding innocence claim" discussed in the above-noted Supreme Court decisions.  Perhaps more dispositively, because the Supreme Court has never squarely held that an "actual innocence" claim is a cognizable federal claim and has characterized the issue as an "open question," the state court's decisions denying Petitioner's claim cannot be contrary to, or an unreasonable application of, clearly established federal law for purposes of 28 U.S.C. § 2254(d)(1) -- as required to obtain federal habeas relief.  *See* Carey v. Musladin, 549 U.S. 70, 74, 127 S. Ct. 649, 653 (2006) (where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"); *see also* Knowles v. Mirzayance, ___ U.S. ___, 129 S. Ct. 1411, 1419 (2009) (noting that, under Supreme Court precedent, it is not an unreasonable application of clearly established federal law "for a state court to decline to apply a specific legal rule that has not been squarely established by" the Supreme Court); Wright v. Van Patten, 552 U.S. 120, 126, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner]'s favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law.  Under the explicit terms

---

[1]     The Ninth Circuit has assumed that freestanding actual innocence claims are cognizable in both capital and non-capital cases, but has held that the petitioner must go beyond demonstrating doubt about his guilt and must affirmatively prove that he is probably innocent.  *See* Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997)(*en banc*); *see also* Jackson v. Calderon, 211 F.3d 1148, 1165 (9th Cir. 2000).  The petitioner's burden in such a case is "extraordinarily high" and requires a showing that is "truly persuasive."  Carriger, 132 F.3d at 476 (q*uoting* Herrera, 506 U.S. at 417, 113 S. Ct. at 869).  Requiring affirmative proof of innocence is appropriate, because when a petitioner makes a freestanding claim of innocence, he is claiming that he is entitled to relief despite a constitutionally valid conviction.  Carriger, 132 F.3d at 477.

Case 2:10-cv-03931-PA-MAN   Document 3   Filed 05/28/10   Page 3 of 4   Page ID #:40

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 10-3931-PA (MAN) Date: May 28, 2010

of § 2254(d)(1), therefore, relief is unauthorized.")(*internal citations and quotation marks omitted*); Holley v. Yarborough, 568 F.3d 1091, 1097-98 (9th Cir. 2009)("[c]ircuit precedent may not serve to create established federal law on an issue the Supreme Court has not yet addressed," and "[w]hen there is no clearly established federal law on an issue, a state court cannot be said to have unreasonably applied the law as to that issue") Alberni v. McDaniel, 458 F.3d 860, 866 (9th Cir. 2006) (when the Supreme Court expressly concluded that the issue raised by a habeas claim was an "open question," the state court's resolution of the claim could not be an unreasonable application of clearly established federal law under Section 2254(d)(1)).  Finally, even if the Ninth Circuit precedent described in Note 1 governed the Section 2254(d)(1) analysis here, Mr. Gonzales's statements would not be sufficient to satisfy the "extraordinarily high" standard Petitioner would be required to meet.[2]

Accordingly, the claim alleged in the Petition does not plead a basis for federal habeas relief.

**Second**, the Petition is untimely on its face.  *See* Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006) (holding that "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition").  Petitioner alleges that he was convicted and sentenced on March 31, 1991, and that his petition for review filed in the California Supreme Court was denied.  (Petition at 2-3.)  The Court notes that the petition for review was denied on October 14, 1994.[3]  Thus, Petitioner's 28 U.S.C. § limitations period commenced running on April 25, 1996, and expired on April 24, 1997.  *See, e.g.,* Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997).  Although Petitioner thereafter filed several habeas petitions in the state courts, they were too late to afford any basis for tolling under 28 U.S.C. § 2244(d)(2).  *See, e.g.,* Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  As the Petition was not mailed until May 2010, over 13 years after Petitioner's limitations period expired, it is substantially untimely.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the Petition should not be dismissed on the above two bases.  *See* Day, 547 U.S. at 210, 126 S. Ct. at 1684 (before acting on its own initiative with respect to a petition's apparent untimeliness, a federal court must give the affected party notice and an opportunity to present his position).  **By no later than June 30, 2010**, Petitioner shall file a Response to this Order in which he shall show, if possible, why:  (1) the claim alleged in the Petition is cognizable; and (2) the Petition is timely.  Specifically, in his Response, Petitioner must set forth any arguments and evidence he contends warrant finding that the Petition pleads a claim that can warrant federal habeas relief under 28 U.S.C. § 2254(d)(1) and, further, is timely, including

---

[2] Even assuming, *arguendo*, that more detail could be obtained from Mr. Gonzales with respect to his vague allusions to fabrication of evidence and false testimony by two of the prosecution's multiple trial witnesses, it does not appear that this would constitute affirmative proof of Petitioner's innocence, as is required.  Rather, it appears that, at most, there might be a potential credibility issue with respect to some of the prosecution's witnesses.

[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the electronic dockets for the California Supreme Court available at http://appellatecases.courtinfo.ca.gov.

CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 10-3931-PA (MAN)                          Date: May 28, 2010

any equitable tolling assertions he wishes to make.  Any evidentiary assertions must be supported by a declaration made under penalty of perjury, as well as any reasonably available documentary evidence.[4]

 IT IS SO ORDERED.

---

[4] In view of the Petition's untimeliness and failure to state a cognizable claim, good cause does not exist either for the appointment of counsel or for an order that Mr. Gonzales be deposed, as is sought by Petitioner's motions appended to the Petition.  Accordingly, those motions are DENIED.

MINUTES FORM 11                                                            Initials of Deputy Clerk _efc____
CIVIL - GEN