**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD S. REYES, | ) NO. CV 10-3931-PA (MAN) |
| Petitioner, | ) ORDER: ADOPTING FINDINGS, |
| | ) CONCLUSIONS, AND RECOMMENDATIONS |
| v. | ) OF UNITED STATES MAGISTRATE |
| | ) JUDGE; AND DENYING CERTIFICATE |
| JOHN MARSHALL, WARDEN, | ) OF APPEALABILITY |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections and Supplemental Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those matters to which objections have been stated in writing.

The Petition asserts a single claim premised solely on Petitioner's asserted "actual innocence." In the Report, the Magistrate Judge concluded, *inter alia,* that this freestanding actual innocence claim does not warrant federal habeas relief even if it is considered on its

merits, because the declarations appended to the Petition are insufficient to satisfy the "extraordinarily high" standard the Supreme Court has stated must be met. *See* House v. Bell, 547 U.S. 518, 554-55, 126 S. Ct. 2064, 2087 (2009). The Magistrate Judge further concluded that the Petition is untimely, because it was not filed until over 13 years after Petitioner's limitations period expired.[1]

In his Objections and Supplemental Objections to the Report, Petitioner raises various new factual assertions and arguments and presents new documentary evidence. Petitioner does not dispute the Magistrate Judge's conclusion that Petitioner's actual innocence claim, as pleaded, fails on its merits. Rather, he asks that this action be stayed so that he can return to state court to exhaust unidentified claims involving "Due Process, Equal Protection, & Fair Trial Rights." (Objections at 3.) With respect to the Magistrate Judge's conclusion that the Petition is untimely, Petitioner asserts that he is entitled to an unspecified period of equitable tolling, because he has "major Mental Health Issues." (*Id.* at 4-5; *see also* attached affidavit, in which Petitioner states that he has experienced major depression during his life and anxiety over learning disabilities.)[2] Petitioner effectively

---

[1] Petitioner was convicted and sentenced in March 1991, and his state direct appeal concluded in October 1994.

[2] The Supplemental Objections contain copies of: an October 30, 2003 informed consent form signed by Petitioner regarding a prescription for Paxil; a November 2, 2009 progress note reflecting Petitioner's euthymic (*i.e.*, normal/stable) mood, diagnosis of depressive disorder, NOS (in remission), and low-dose Paxil prescription; a January 15, 2010 progress note indicating that Petitioner was generally feeling well; a February 9, 2010 mental health treatment plan, noting Petitioner's history of drug use and depression and that he was "doing very well programming"; and April 6, 2010, July 6, 2010, and September 30, 2010 progress notes indicating that Petitioner was generally feeling well and

contends that the fact he receives mental health services in prison *ipso facto* entitles him to have the limitations period equitably tolled, apparently for over 13 years.

A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See* Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court exercises its discretion to consider the new allegations and evidence set forth in the Objections and the Supplemental Objections.

Petitioner's assertion that he is entitled to equitable tolling based on his asserted mental health issues is unpersuasive. As discussed in the Report, although Petitioner was convicted in 1991, his limitations period did not commence running until April 1996, and expired in April 1997. Thus, the April 1996, through April 1997, time frame is the critical period for the equitable tolling analysis. The mental health evidence presented by Petitioner does not relate to the 1996-97 time frame and indicates only that: in 2003, Petitioner was prescribed Paxil; and from November 2009, through late September 2010, Petitioner's mood was stable, and any mental health issues were controlled by his medication. The documents appended to Petitioner's

---

displayed an euthymic affect, and describing his anxiety as "well-controlled" by the low dose of Paxil he was taking.

filing of April 13, 2011[3] -- a March 20, 2001 letter and a May 3, 1994 seven-page declaration from Petitioner, both addressed to his attorneys -- plainly evince Petitioner's awareness of and ability to articulate his claimed actual innocence.  In both documents, Petitioner vigorously argues that his attorneys should have taken and/or should take certain actions directed to establishing his innocence on state appeal and/or habeas review, and Petitioner identified numerous federal constitutional claims he believed should have been raised on appeal.  These documents belie any notion that, both before and after Petitioner's limitations period ran, Petitioner's alleged mental health issues prevented him from seeking habeas relief; they further preclude finding that Petitioner acted with diligence.[4]

The mere fact that Petitioner may have received mental health services while incarcerated is not sufficient to meet Petitioner's burden of establishing the two requisite elements of the equitable

---

[3] Petitioner was convicted of child molestation, apparently involving multiple victims.  On April 13, 2011, Petitioner filed a request to subpoena school records related to one of his victims.  In view of the Court's conclusion that the Petition is substantially untimely and its disposition of this case, Petitioner's request for a subpoena is DENIED.

[4] The Court notes Petitioner's assertions that: another inmate was assisting him in pursuing state and federal habeas relief; another inmate now is assisting Petitioner; and the "second friend" has told Petitioner that the prior inmate made mistakes.  (Objections, Petitioner's declaration at ¶ 4.)  Such assertions, even if assumed to be true, do not provide a basis for equitably tolling the limitations period for the lengthy period of time that would be needed to render the Petition timely. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010)(*per curiam*)(reliance on another inmate to prepare and file his habeas petitions did not relieve the petitioner of the obligation to comply with the law and did not warrant equitable tolling); Wilson v. Bennett, 188 F. Supp. 2d 347, 353-54 (S.D.N.Y. 2002) (allegations that the petitioner lacked legal knowledge and had to rely on other prisoners for legal advice and in preparing his papers "cannot justify equitable tolling," as such circumstances are not "extraordinary").

tolling doctrine (*see* Report at 13 n.11, identifying these elements). As Petitioner has failed to establish any causal relationship between his alleged mental health issues and his delay of over 13 years after his limitations period expired in seeking federal habeas relief, he has not met his burden of showing that equitable tolling is warranted. Accordingly, the Magistrate Judge's conclusion that the Petition is substantially untimely is correct.[5]

In addition, Petitioner's request to invoke the stay and abeyance procedure is DENIED. It would be inappropriate to stay a habeas petition that has been found to be untimely. Indeed, any additional claims to be added following exhaustion would be untimely. Thus, staying this action would be an exercise in futility.

Having completed its review, the Court accepts and adopts the Report and the findings of fact, conclusions of law, and recommendations therein. Accordingly, IT IS ORDERED that Judgment shall be entered dismissing this action with prejudice.

Petitioner did not request a certificate of appealability ("COA") in his Objections; however, the Court now addresses the COA question pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court concludes that reasonable jurists would not find its resolution of the Petition to be debatable or

---

[5] In his Objections (at 4), Petitioner concedes that the Magistrate Judge correctly concluded that Petitioner is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). Thus, Petitioner's limitations period expired on April 24, 1997, and the Petition is untimely by over 13 years.

1 wrong and, further, that the issues raised by Petitioner are not
2 adequate to deserve encouragement to proceed further. As Petitioner has
3 not satisfied 28 U.S.C. § 2253(c)(2), issuance of a COA is not
4 warranted.

6      LET JUDGMENT BE ENTERED ACCORDINGLY.

8 DATED: April 19, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　PERCY ANDERSON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE